TREMONT COAL CO., INC., Respondent, *v.* IDA PERCHIK, Appellant, Impleaded with ISRAEL SACHS, Defendant.

First Department, June 18, 1929.

*Jacob M. Leibner*, for the appellant.

*Saul Pulver*, for the respondent.

PROSKAUER, J.   The defendant Perchik is the mortgagee of premises 1330 Morris avenue, Borough of Bronx, City of New York. The property was owned by one Goldstein and one Ehrlich, who conveyed to said defendant; she conveyed in turn to Bessie Weissberger, and took back a purchase-money mortgage which recited that the principal amount was in certain alternatives, either $13,447 or $11,400. The mortgage, dated August 11, 1927, contained this clause: " The additional sum of $2,047 on this mortgage above the said sum of $11,400 has been given to the mortgagee to secure the payment of coal bills now due upon the said premises, and aggregate the sum of $2,047, and that payment of such coal bills in said sum shall be similar to a reduction of this mortgage.   *   *   *   It is further agreed that the mortgagor or subsequent owner of the premises will pay the said coal bills in installments of not less than $100 per month beginning with one month from date hereof.   Should the mortgagee or her assigns or one Samuel Goldstein be compelled to · or should she pay any part of the said coal bills as aforementioned then such sum as she shall actually have paid shall be added to the indebtedness of $11,400 as aforementioned and shall, from that day on bear interest as though it were part of this mortgage, according to a certain bond or obligation bearing even date herewith."   The plaintiff recovered a judgment of $945.95 against the former owners of the property for the purchase price of coal.   The judgment was not paid.   The plaintiff sues to impress a trust on the mortgage in the hands of the defendant Ida Perchik for the amount of its judgment and the Special Term has given judgment in its favor.

No such obligation was assumed by Ida Perchik.   The mortgage was for her benefit, not for the benefit of the plaintiff.   In so far as it secured any sum in excess of the actual advance of $11,400, it plainly stated that it was to secure Ida Perchik for such coal bills " as she shall actually have paid."   It imposed on her no

obligation to pay the coal bills of the former owners. If she did pay them, she was to be reimbursed by the mortgagor. The benefit which might have accrued to this plaintiff if she did pay them was merely incidental to the execution of the mortgage. It cannot be inferred that the mortgagee required this clause in order to benefit this plaintiff. The natural inference is that her object was to protect herself and her building. In the absence of any intent by the parties to the mortgage to create rights which would directly inure to plaintiff's benefit, there is no basis for the imposition of a constructive trust in favor of this plaintiff.

The judgment appealed from should, therefore, be reversed, with costs, and judgment rendered for the defendant, with costs.

Dowling, P. J., Merrell, Finch and McAvoy, JJ., concur.

Judgment reversed, with costs, and judgment directed to be entered dismissing the complaint as to defendant Ida Perchik, with costs.